UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:07CV-P37-R

**LARRY E. DEW**                                                                               **PETITIONER**

v.

**BECKY PANCAKE, WARDEN**                                          **RESPONDENT**

## MEMORANDUM AND ORDER

Petitioner Larry E. Dew filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is currently before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Although the Court concludes that the petition is untimely, it will allow Petitioner to file a response before dismissing the action.

### I.

According to the petition and the attached state court documents, Petitioner, in Hickman Circuit Court on December 7, 2000, entered a plea of guilty to three counts of third-degree sexual abuse, incest, and promoting a sexual performance of a minor. He was sentenced to a total prison sentence of 12½ years on April 5, 2001, and he filed no direct appeal.

Thereafter, on February 23, 2005, Petitioner filed a petition for writ of habeas corpus in Lyon Circuit Court. The Lyon Circuit Court denied the petition on March 24, 2005; the Kentucky Court of Appeals affirmed the trial court's decision on May 11, 2005; and the Kentucky Supreme Court denied a motion for discretionary review on May 10, 2006. No petition for writ of certiorari was filed.

Petitioner filed the instant petition on March 7, 2007.[1]  He alleges (1) a lack of jurisdiction by the trial court over an alleged crime for which he was convicted which occurred in Tennessee and (2) prosecutorial misconduct.

## II.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of that Act apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000).  The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody.  The statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)).  Petitioner declares under penalty of perjury that he deposited the petition in the prison mail system on March 7, 2007.

>    (2)  The time during which a properly filed application for State post-
>    conviction or other collateral review with respect to the pertinent
>    judgment or claim is pending shall not be counted toward any period of
>    limitation under this subsection.

28 U.S.C. § 2244(d).

In the present case, the first circumstance applies, and the statute of limitations began to run at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not file a direct appeal, his conviction became final on May 7, 2001,[2] at the expiration of the thirty-day period during which he could have filed a direct appeal. *See* Ky. R. Crim. P. 12.04(3) ("The time within which an appeal may be taken shall be thirty (30) days after the date of entry of the judgment or order from which it is taken."). The limitations period thus expired one year later on May 7, 2002. The March 7, 2007, habeas petition is therefore untimely, and Petitioner's filing of the state petition for habeas relief did not restart the one-year period for filing a § 2254 petition. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Because neither the instant § 2254 petition nor any state post-conviction motion was filed or pending during the one-year period limitations period from May 7, 2001, through May 7, 2002, the petition is time barred under the statute, and Petitioner does not allege any

---

[2]Because the thirtieth day actually fell on Saturday, May 5, 2001, the 30-day period did not expire until the following Monday, May 7, 2001. *See* Ky. R. Civ. P. 6.01.

circumstances appropriate for applying the doctrine of equitable tolling. *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001).

Before dismissing the action on statute-of-limitations grounds, the Court will provide Petitioner with an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 126 S. Ct. 1675, 1684 (2006) ("[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.").

### III.

**WHEREFORE, IT IS ORDERED** that within **thirty (30) days** from entry of this Order, Petitioner must show cause why the § 2254 petition for writ of habeas corpus should not be denied and the action dismissed as barred by the applicable one-year statute of limitations.

**Failure to respond within the time allotted will result in dismissal of the action for the reasons set forth herein.**

Date:

cc:    Petitioner *pro se*
4413.005