UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:07CV-P37-R

**LARRY E. DEW**                                            **PETITIONER**

v.

**BECKY PANCAKE, WARDEN**                            **RESPONDENT**

### MEMORANDUM OPINION

Petitioner Larry E. Dew filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On preliminary consideration of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concluded that the petition appeared to be time barred and directed Petitioner to show cause why the action should not be dismissed. On review of Petitioner's timely response in conjunction with the petition, the Court concludes that the § 2254 petition is time barred and must be denied.

### I. PROCEDURAL HISTORY

According to the petition and the attached state court documents, Petitioner, in Hickman Circuit Court on December 7, 2000, entered a plea of guilty to three counts of third-degree sexual abuse, incest, and promoting a sexual performance of a minor. He was sentenced to a total prison sentence of 12½ years on April 5, 2001, and he filed no direct appeal.

Thereafter, on February 23, 2005, Petitioner filed a petition for writ of habeas corpus in Lyon Circuit Court. The Lyon Circuit Court denied the petition on March 24, 2005; the Kentucky Court of Appeals affirmed the trial court's decision on May 11, 2005; and the Kentucky Supreme Court denied a motion for discretionary review on May 10, 2006. No petition for writ of certiorari was filed.

Petitioner filed the instant petition on March 7, 2007.[1]  He alleges (1) a lack of jurisdiction by the trial court over an alleged crime for which he was convicted which occurred in Tennessee and (2) prosecutorial misconduct.

## II. ANALYSIS

### *A. Timeliness under the statute*

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of that Act apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000).  The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody.  The statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
>     (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
>     (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1]"Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)).  Petitioner declares under penalty of perjury that he deposited the petition in the prison mail system on March 7, 2007.

> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In the present case, the first circumstance applies, and the statute of limitations began to run at "the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Because Petitioner did not file a direct appeal, his conviction became final on May 7, 2001,[2] at the expiration of the thirty-day period during which he could have filed a direct appeal.  *See* Ky. R. Crim. P. 12.04(3) ("The time within which an appeal may be taken shall be thirty (30) days after the date of entry of the judgment or order from which it is taken.").  The limitations period thus expired one year later on May 7, 2002.  The March 7, 2007, habeas petition is therefore untimely under the statute, and Petitioner's filing of the state petition for habeas relief did not restart the one-year statutory period for filing a § 2254 petition.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Because neither the instant § 2254 petition nor any state post-conviction motion was filed or pending during the one-year limitations period from May 7, 2001, through May 7, 2002, the petition is time barred under the statute.

---

[2] Because the thirtieth day actually fell on Saturday, May 5, 2001, the 30-day period did not expire until the following Monday, May 7, 2001.  *See* Ky. R. Civ. P. 6.01.

### *B. Equitable tolling considerations*

Because § 2254's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). "'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561. "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

The Sixth Circuit has "identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations:  (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap v. United States*, 250 F.3d at 1008 (citing *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988)). "These factors are not necessarily comprehensive and they are not all relevant in all cases." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (citing *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. (2002)). "Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Id.*

With respect to the first, second, and fifth factors--lack of actual or constructive knowledge of the filing requirement and reasonableness of remaining ignorant of that requirement--Petitioner argues in his response to the Court's Show Cause Order that he "was lead to believe he could address the Federal Court at any time after the completion of any filed post-conviction relief, since the Federal Court has never addressed this matter and was denied by the State Court level."  Despite his claim of lack of actual knowledge, the Sixth Circuit has consistently recognized that ignorance of the law does not excuse prompt filing.  *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir.), *cert. denied*, 543 U.S. 865 (2004); *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999) (explaining in a direct criminal appeal case that "[t]o allow an ignorance of the law excuse would encourage and reward indifference to the law"); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (concluding "that, while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . ., there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer").  And based on the "AEDPA's clear provisions regarding the statute of limitations, [Petitioner] cannot claim a lack of constructive knowledge regarding the filing deadline."  *Allen*, 366 F.3d at 403.  Petitioner additionally argues that he is a layman of the law, but "an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations."  *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).

As to the third factor, or diligence in pursuing one's rights, Petitioner waited nearly three years after the one-year statute of limitations expired to file his state habeas petition.  He blames the delay on the "ill-advise advice of his trial attorney telling him he had no right to

appeal or any other relief available to him post-conviction." The Sixth Circuit, however, has repeatedly held that an attorney's mistake is not a valid basis for equitable tolling. *See Jurado v. Burt*, 337 F.3d at 644-45. "The remedy for negligence by a party's lawyer is generally a legal malpractice suit or an ineffective assistance of counsel claim, not forcing the opposing party to defend against a stale claim." *Whalen v. Randle*, 37 Fed. Appx. 113, 120 (6th Cir. 2002) (citing *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999)).

"The Supreme Court has . . . 'allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Jurado v. Burt*, 337 F.3d at 642 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Neither instance is present here. The Court has "'generally been much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights.'" *Jurado*, 337 F.3d at 642 (quoting *Irwin*, 498 U.S. at 96). This is such a case where Petitioner has failed to demonstrate due diligence in preserving his legal rights. He alleges that he was told that he had no right to appeal[3] or file any post-conviction motions, yet suddenly in February 2005, nearly three years after the expiration of the § 2254 one-year limitations period, he decided to file his state habeas petition. He wholly fails to explain when he found out he could file a state habeas petition and why he waited so long to do so. *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003) ("[P]etitioners bear ultimate responsibility for their filings, even if that means preparing duplicative petitions: petitioners,

---

[3]In his response to the Court's Order to Show Cause, Petitioner even concedes that "he did not file no direct appeal, because it was not available to him due to the plea agreement." (DN 7).

6

'whether in prison or not, must vigilantly oversee the actions of their attorneys and, if necessary, take matters into their own hands.'") (quoting *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001)). The Court concludes that he has failed to show the requisite diligence necessary to invoke equitable tolling.

Finally, the fourth factor is irrelevant here as "[a]bsence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003).

The Court is compelled to clarify an issue not specifically raised by Petitioner. One of the grounds raised in the petition by Petitioner is that the trial court lacked jurisdiction over an alleged crime for which he was convicted which occurred in Tennessee.[4] It is often argued that jurisdiction may be raised at any time. As explained by a sister court, however, the issue of state court jurisdiction is a question of state law, which has no bearing on the limitations issue in this case:

> Since a state defines the subject matter jurisdiction of its courts, a challenge on the basis of lack of subject matter jurisdiction is a quintessential question of state law. Thus, the frequently quoted maxim[] that a criminal defendant can raise the issue of lack of subject matter jurisdiction at any time should actually be phrased "at any time he is in state court." In other words, it is up to South Carolina

---

[4] The Kentucky Court of Appeals found as follows:

Dew entered an unconditional guilty plea to the charges against him in Hickman Circuit Court. In fact, there is no evidence in the record that Dew ever objected to the circuit court's jurisdiction before entering his guilty plea. The entry of a valid guilty plea waives all defenses except the defense that the indictment charges no offense. Quarles v. Commonwealth, 456 S.W.2d 693 (Ky. 1970). In his petition for habeas corpus relief, Dew does not allege that the indictment does not charge an offense. Therefore, it is clear that Dew, by voluntarily entering a guilty plea to the charges against him, cannot now demonstrate that his conviction is void on its face.

*See Dew v. Simpson*, No. 2005-CA-000831-MR (Ky. Ct. App. May 11, 2005), discretionary review denied, No. 2005-SC-0400-D (Ky. May 10, 2006).

> courts to resolve issues as to whether or not subject matter jurisdiction exists. This court does not review determinations of state law made by South Carolina courts. *See Pulley v. Harris*, 465 U.S. 37 (1984) ("[A] federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law.").

*Thompson v. Warden Perry Corr. Inst.*, No. 3:06-3429 DCN JRM, 2007 WL 2579570, at *4 (D.S.C. Sept. 4, 2007) (finding § 2254 petition untimely despite state court jurisdictional argument); *United States ex re. Holliday v. Sheriff of Du Page County, Ill.*, 152 F. Supp. 2d 1004, 1013 (N.D. Ill. 2001) (denying habeas relief on ground that "federal courts cannot review claims that the state court has disposed of on state law grounds," although petitioner argued that his claim was not procedurally defaulted because subject matter jurisdiction may be raised at any time). Consequently, Petitioner's jurisdictional argument does not warrant equitable tolling.

### *C. Conclusion*

Petitioner has failed to demonstrate that his § 2254 habeas petition is timely under the applicable statute and has failed to allege facts warranting equitable tolling. Consequently, the § 2254 petition will be denied, and the action will be dismissed.

### III. **CERTIFICATE OF APPEALABILITY**

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies a habeas petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of

a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484.  If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal.  *Id*.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  In such a case, no appeal is warranted.  *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable.  Thus, a certificate of appealability must be denied.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Petitioner *pro se*
    Respondent
    Kentucky Attorney General, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4413.005